Ryan M. Best, WSBA 33672
BEST LAW PLLC
905 West Riverside, Suite 409
Spokane, WA 99201
Telephone: (509) 624-4422
Fax: (509) 703-7957
Email: ryan.best@bestlawspokane.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CHRISTOPHER BADER, individually,

    Plaintiff,

vs.

STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurance company,

    Defendant.

No.

COMPLAINT FOR DAMAGES

JURY DEMAND

Plaintiff Christopher Bader, by and through his counsel of record, Ryan M. Best of Best Law, PLLC, alleges as follows:

I.    **PARTIES, JURISDICTION, VENUE AND COVERAGE**

1.1    Plaintiff Christipher Fuller resides in Pierce County, Washington.

1.2    Defendant State Farm Fire and Casualty Company, ("State Farm") is a foreign insurance company conducting business in the State of Washington, County of Pierce.

COMPLAINT FOR DAMAGES - 1

1.3 At all times material hereto, Defendant State Farm has an office for the transaction of business in Pierce County, Washington.

1.4 At all times material hereto, State Farm was transacting business at the time the incident occurred, in Pierce County, Washington.

1.5 Defendant State Farm is vicariously liable for the acts and omissions of its employees and agents, including any outside person or entity to whom defendant assigned claims-handling or investigative responsibilities.

1.6 All acts alleged herein occurred in Pierce County, Washington.

1.7 Venue and jurisdiction are proper in this Court pursuant to 28 U.S.C §1391(b) because the events giving rise to this Complaint occurred in this district.

1.8 The Federal court for the Western District of Washington has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this complaint pursuant to 28 U.S.C § 1331 as the amount in controversy exceeds $75,000 and Plaintiff is from Washington and Defendant is in Illinois.

## II. FACTS

2.1 Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 1.8.

2.2 Defendant State Farm issued an insurance policy to Plaintiff insuring his home in Tacoma, Washington.

2.3 The policy covered the Plaintiff and his home.

2.4 Plaintiff paid a valuable premium for the coverages and protections contained in the policy.

2.5 The Plaintiff is an insured and a first-party claimant under the policy.

2.6 On April 27, 2024, a claim was opened by State Farm on behalf of the Plaintiff after

COMPLAINT FOR DAMAGES - 2

a fire occurred at his property. The property is located at 3515 N. Shirley St., Tacoma, Washington 98407.

2.7   The fire caused damage including but may not be limited to the living room, master bedroom, upstairs, attic, and roof, as well as filling the interior of the home with smoke.

2.8   Upon information and belief, the policy provides coverage for the dwelling; coverage for personal property, and other additional coverages.

2.9   Plaintiff gave prompt notice to Defendant State Farm.

2.10  On March 18, 2025, the Plaintiff retained Property Claim Advocates ("PCA") to assist with his State Farm claim.

2.11  On March 20, 2025, PCA notified State Farm of their representation of Plaintiff by e-mail. In that correspondence, PCA requested a certified copy of the insuring agreement and all endorsements as well as all other pertinent claim documents/information.

2.12  Upon information and belief, State Farm failed to respond to PCA or to provide the requested documents.

2.13  On April 10, 2025, PCA sent a follow-up letter to State Farm requesting a certified copy of the insuring agreement and all endorsements as well as all other pertinent claim documents/information.

2.14  Upon information and belief, State Farm failed to respond to PCA or to provide the requested documents.

2.15  On May 12, 2025, PCA sent a request State Farm to toll the suit deadline in an effort to reach claim settlement.

COMPLAINT FOR DAMAGES - 3

2.16   Upon information and belief, State Farm failed to respond to that request.

2.17   PCA sent a follow-up request to State Farm on May 19, 2025, again requesting a certified copy of the policy and pertinent claim information/documentation.

2.18   Upon information and belief, State Farm failed to respond to PCA's request.

2.19   On June 23, 2025, the Plaintiff, through PCA submitted his Sworn Statement in Proof of Loss specific to mitigation and repairs totaling $709,827.21.

2.20   Upon information and belief, State Farm failed to acknowledge, accept or deny Plaintiffs Sworn Statement in Proof of Loss.

2.21   On August 14, 2025, PCA sent an email to State Farm following up on State Farm's response and/or payment to Plaintiffs proof of loss.

2.22   Upon information and belief, State Farm failed to respond.

2.23   State Farm had a solemn obligation to indemnify the Plaintiff and remunerate him for his losses as dictated by the terms and conditions of the policy.

2.24   The Plaintiff has complied with the policy conditions by protecting the property from further damage.

2.25   Insurance companies such as Defendant State Farm owe their policy holders numerous duties upon the occurrence of a loss under an insurance policy.  For example:

- Insurance companies owe their policyholders a duty of good faith.

- Insurance companies have an obligation to tell the truth, to have a lawful purpose, to deal fairly with the policyholder, and to give equal consideration to policyholders' interests as they do their own.

- Insurance companies are prohibited from engaging in conduct toward their policyholders that is in any way unreasonable, frivolous, or unfounded.

- Insurance companies must conduct a full, fair, and prompt investigation of all

COMPLAINT FOR DAMAGES - 4

material aspects on the insurance claim at their own expense.

- Insurance companies must provide prompt payment of a claim.

2.26 The Unfair Claims Settlement Practices Regulation, which is found in chapter 284-30 of the Washington Administrative Code, imposes duties on insurance companies. Defendant owes those duties to plaintiffs. The Unfair Claims Settlement Practices Regulation is incorporated herein by reference. *See* WAC 284-30-330 to – 380.

2.27 Insurance industry standards in the State of Washington require Defendant State Farm to comply with the Unfair Claims Settlement Practices Regulation. The regulation reflects minimum industry standards.

2.28 For example, insurance companies are prohibited by industry standards and Washington Administrative Code Regulations (*see* WAC 284-30-330 to -380) from:

- Misrepresenting facts and policy provisions.

- Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

- Failing to adopt and implement reasonable standards for the prompt investigation of claims.

- Failing to advise insured of what is necessary to complete the claim.

- Failing to assist the insured.

- Refusing to pay claims without a reasonable investigation.

- Compelling first party claimants into litigation or appraisal by offering substantially less than the amounts due under policies.

- Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of the claim.

- Failing to provide an explanation of the coverage under which payments were made.

COMPLAINT FOR DAMAGES - 5

- Attempting to transfer the cost of investigation to the insured.

- Failing to complete a full and fair investigation within 30 days.

- Insurance companies are responsible for the accuracy of evaluation to determine actual case value.

2.29 To ensure compliance with legal and industry standards:

- insurance companies have a responsibility to properly train employees involved in claims-handling activity, and

- insurance companies have a responsibility to supervise, evaluate, investigate, and (when necessary) discipline or terminate claims handlers who fall short of legal, industry, or company standards.

2.30 State Farm failed to respond to the pertinent communications from Property Claim Advocates sent on behalf of the insured.

2.31 The Plaintiff hired Property Claim Advocates to assist him with the insurance claim. Property Claim Advocates is a public-adjusting firm. A public adjuster is "an adjuster employed by and representing solely the financial interests of the insured name in the policy." RCW 48.17.010(1)(b).

2.32 It is a violation of insurance industry standards to discriminate against an insured simply because they are represented by a public adjuster.

2.33 State Farm failed to properly investigate and pay this claim.

2.34 To date, the Plaintiff has not received all the benefits he is entitled to receive under the policy.

2.35 Based on defendant's handling of the claim, there is no hope plaintiff will be made whole unless they hire attorneys and bring litigation seeking accountability for defendant's improper handling of the claim.

2.36 Defendant State Farm has violated the Unfair Claim Settlement Practices Regulation,

COMPLAINT FOR DAMAGES - 6

fallen below insurance industry standarss for handling insurance claims, and breached the policy.

2.37 Plaintiff's claim has yet to be resolved.

2.38 Defendant State Farm constructively denied coverage for Plaintiff's claim.

2.39 Defendant State Farm intentionally placed the financial interests of itself ahead of its insureds, by failing to adequately inspect and provide payment sufficient for the Plaintiff to return her home to its pre-loss condition.

2.40 Because of Defendant State Farm's conduct, the Plaintiff has been damaged in several ways, including, without limitation, the following:

- Loss of use and enjoyment of their home;
- Having to hire counsel;
- Being denied payment under the policy for all rights and benefits;
- Exposure to increased inconvenience;
- Spending substantial time dealing with the insurance claim;
- Emotional distress, aggravation, and anxiety.

### III.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Insurance Fair Conduct Act – RCW 48.30 *et seq*., RCW 19.86 et seq.)**

3.1 Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 2.40.

3.2 Defendant State Farm owes Plaintiff a quasi-fiduciary duty to exercise good faith in its claim handling.

3.3 Plaintiff made a valid request for payment under the policy, Defendant State Farm failed to tender proper payment after receipt of sufficient information to allow payment under the policy.

3.4   Defendant State Farm failed to properly and timely investigate Plaintiff's claim.

3.5   Defendant State Farm refused to pay this coverage, did not respond to pertinent communications about this coverage, and continues to constructively deny Plaintiff's claim.

3.6   Defendant State Farm did not attempt in good faith to resolve Plaintiff's claim as required by Washington State law.

3.7   Plaintiffs were unfairly discriminated against because they were represented by a public adjuster.

3.8   Plaintiffs are now wrongfully required to initiate litigation in order to receive the amount promised by Defendant State Farm under the policy.

3.9   Defendant State Farm's acts and omissions are in bad faith in violations of WAC 284-30 et seq. and RCW 48.30 et seq.

3.10   Plaintiffs satisfied the requirement of RCW 48.30.015 for pre-suit IFCA, and this complaint incorporates from that notice.

3.11   Defendant State Farm committed an unfair trade practice when it acted in bad faith, violating WAC 284-30-330, WAC 284-30-360, WAC 284-30-370, and WAC 284-30-380.

3.12   Pursuant to *Tank v. State Farm Fire & Cas. Co.*, 105 Wash.2d 381, 715 P.2d 1133 (1986), Defendant State Farm owes attorney's fees and costs for its acts of bad faith.

**SECOND CAUSE OF ACTION**
**(Breach of Contract)**

3.13   Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 3.12.

COMPLAINT FOR DAMAGES - 8

3.14    Plaintiff and Defendant State Farm entered a mutual contractual relationship for the policy where State Farm would provide an insurance policy in consideration of payment by Plaintiff.

3.15    The policy is a valid, enforceable contract.

3.16    Plaintiff is entitled to full compliance with the policy.

3.17    Plaintiff is entitled to coverage and every benefit available to Plaintiff under the policy.

3.18    Defendant State Farm's refusal to provide coverage, adequately investigate, and communicate Plaintiff's claim regarding the policy is a breach of contract by Defendant State Farm.

3.19    Defendant State Farm's breach of contract is a proximate cause of the Plaintiff's damages.

### THIRD CAUSE OF ACTION
### (Bad Faith Violations)

3.20    Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 3.19.

3.21    Plaintiff and Defendant State Farm entered into a contractual relationship for the policy.

3.22    Implied in every insurance contract in Washington State is a duty of good faith and fair dealing.

3.23    Defendant State Farm breached their duties of good faith when they failed to deal fairly with the Plaintiff by giving inequal consideration to the insurance company's interests, instead, choosing to pursue its finalization of the claim prior to properly evaluating and compensating Plaintiff.

COMPLAINT FOR DAMAGES - 9

3.24  Defendant State Farm further breached their duties when they forced the Plaintiff to seek counsel to pursue their covered losses.

3.25  Defendant failed to assess the damages and provide coverage or pay in a timely manner.

3.26  Defendants' bad faith is a proximate cause of the Plaintiff's damages.

3.27  Defendant is liable for Plaintiff's consequential economic and noneconomic damages in addition to reasonable attorney fees and costs under *McGreevy v. Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

### FOURTH CAUSE OF ACTION
### (Declaratory Judgment – 28 U.S.C. § 2201)

3.28  Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 3.27.

3.29  Plaintiff seeks a judgment from this Court declaring that they are entitled to coverage under the policy.

3.30  Plaintiff seeks a judgment from this Court declaring the amounts of benefits to which he is entitled.

3.31  Plaintiff seeks a judgment from this Court declaring that Defendant State Farm is estopped by its bad faith from asserting any time limitation in the insurance policy as a defense to coverage due to defendant's bad faith.

3.32  Defendant State Farm is liable for Plaintiff's reasonable attorney fees and costs under *Olympic Steamship Co. v. Centennial Insurance Co.*, Wn.2d 37, 51-53 811 P.2d 673 (1991), *McGreevy v Oregon Mutual Insurance Co.*, 128 Wn.2d 26, 37, 904 P.2d 731 (1995).

**FIFTH CAUSE OF ACTION**
**(Negligent Claims Handling)**

3.33 Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 3.32.

3.34 Defendant State Farm's handling of the insurance claim was unreasonable.

3.35 Defendant State Farm's adjuster failed to investigate or procure a qualified expert to assess the damaged property.

3.36 Defendant State Farm is in violation of the provisions of the Unfair Claims Settlement Practices Act and Regulations and common law bad faith Washington legal precedents including but not limited to *Olympic Steamship Co. v. Centennial Insurance Co.* and *Tank v. State Farm*.

3.37 Defendant State Farm failed to adequately train Plaintiff's claims handler in Washington's claims handling procedures under Washington law.

3.38 Defendant State Farm's adjuster unfairly discriminated against Plaintiff because he was represented by a public adjuster.

3.39 Plaintiff sustained damages as a result of the Defendant's negligent claims handling and illegal conduct.

**SIXTH CAUSE OF ACTION**
**(Consumer Protection Act)**

3.40 Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 3.39.

3.41 Defendant State Farm committed an unfair trade practice when it acted in bad faith, violating WAC 284-30-330, WAC 284-30-360, WAC 284-30-370 and WAC 284-30-380.

3.42 Additionally, Defendant's wrongful claims handling also constitutes an unfair or deceptive trade practice.

COMPLAINT FOR DAMAGES - 11

3.43  Defendant, by refusing to participate in the claims process by ignoring pertinent claims communications and failing to provide an estimate for the loss for several months, constitutes an unfair or deceptive trade practice.

3.44  Defendant's conduct occurred in trade or commerce.

3.45  Defendant State Farm is engaged in the business of insurance which is one affected by the public interest as defined in RCW 48.01.030.

3.46  Defendant's conduct caused injury to plaintiffs' "business or property," as those terms are defined for purposes of the CPA.

3.47  Defendants' acts and omissions violated Washington's Consumer Protection Act, RCW 19.86.

3.48  Plaintiff seeks all available relief under the CPA, including damages, injunctive relief, enhanced damages, and attorney fees and costs. RCW 19.86.090.

## IV.   DAMAGES

4.1  Plaintiff re-alleges and incorporates by reference paragraphs 1.1 through 3.48.

4.2  Plaintiff has suffered general and special damages due to the actions of Defendant in amounts to be proven at trial.

4.3  Defendant's actions and failure to process the claim forced the Plaintiff to retain counsel and incur attorney fees.

4.4  Plaintiff has a contractual right to be adequately compensated for their damage by Defendant.

4.5  Plaintiff has sustained injuries due to Defendant's unfair and deceptive acts/practices.

4.6 Plaintiff has been damaged by the acts and omissions of Defendant in an amount to be proven at trial.

4.7 Plaintiff hereby asserts all facts asserted in their insurance fair conduct notices to Defendant.

**WHEREFORE**, Plaintiff Christopher Bader demands judgment against Defendant as follows:

1. Judgment against the Defendant for general damages and losses caused by Defendant.
2. Judgment against Defendant for special damages incurred by the Plaintiff.
3. Judgment against Defendant for the Plaintiff's taxable costs and disbursements incurred herein and for statutory damages as authorized by contracts; the CPA, IFCA, or other applicable statutes; as well as enhanced damages pursuant to RCW 19.86.090, RCW. 48.30.010 and *Olympic Steamship v Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991).
4. Pre-judgment interest and reasonable attorney's fees and costs as provided by contract, equity, the CPA, IFCA, or RCW 4.84.250 et seq.; and Washington state common law including: *Olympic Steamship v Centennial Insurance Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991)., *Tank v. State Farm Fire & Cas. Co.*, 105 Wash.2d 381, 715 P.2d 1133 (1986), and
5. For other and further relief as the Court may deem just and proper.

/////

/////

/////

COMPLAINT FOR DAMAGES - 13

Dated: This 3rd day of October 2025.

                                               BEST LAW, PLLC

                                      By:s/ *Ryan Best*
                                          Ryan Best, WSBA #33672
                                          Best Law, PLLC
                                          905 W. Riverside, Suite 409
                                          Spokane, WA 99201
                                          Telephone: (509) 624-4422
                                          ryan.best@bestlawspokane.com